**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

KENDRA KATRISE DESHAZER                                                    PLAINTIFF
ADC #707085

V.                                       3:14CV00055 DPM/HDY

PARAGOULD ARKANSAS,
CITY OF *et al*.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Kendra Katrise Deshazer, an inmate at the Arkansas Department of Correction's McPherson Unit, filed this *pro se* complaint on March 6, 2014, alleging that Defendant William Shaw sexually assaulted her in November of 2007 when she was an inmate at the Greene County Jail. Plaintiff has also named as a Defendant the City of Paragould, Arkansas. Paragould has filed a motion to dismiss, and a motion for judgment on the pleadings, along with briefs in support (docket entries #11-#12 & #18-#19). Shaw has filed a motion to dismiss and a brief in support (docket entries #14 & #15). Plaintiff filed a response on June 6, 2014 (docket entry #22). In response to a Court order directing her to do so, Plaintiff filed a supplement to her response on July 22, 2014 (docket entry #24).

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of*

*Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## II. Analysis

Plaintiff's complaint contains allegations of sexual misconduct by Shaw, who was an employee of the Greene County Jail, at the time of the alleged events. As Paragould notes in its motions, Plaintiff asserts that the acts were allegedly committed by a Greene County employee when Plaintiff was part of the Act 309 inmate program. Shaw was not, and is not an employee of Paragould. Plaintiff provides no facts in either her complaint, or her response to Defendants' motions, to suggest any involvement by Paragould. Therefore, Plaintiff's claims against Paragould should be dismissed.

Shaw asserts that Plaintiff's claims against him are time barred and Plaintiff has failed to

offer any evidence to support equitable tolling. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182-183 (8th Cir. 1991). It is clear that Plaintiff's complaint was not filed within the three year time period. When it is clear that the complaint is barred by the applicable statute of limitations, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute was tolled. *Reed v. Guard*, 374 Ark. 1, 3, 285 S.W.3d 662, 664 (2008).

Arkansas law permits equitable tolling for a reasonably diligent litigant. *Stracner v. Williams*, 84 Ark.App. 208, 213, 137 SW.3d 428, 431 (2003). Additionally, "federal courts possess the power to use equitable principles to fashion their own tolling provisions in exceptional situations in which state statutes of limitations eradicate rights or frustrate policies created by federal law." *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir.1992).

In the instant case, Plaintiff has been provided multiple opportunities to demonstrate to the Court that tolling is appropriate, but she has offered no facts to demonstrate that she has been diligent in pursing her claims. Further, there is no evidence that Plaintiff was prevented from filing a civil lawsuit, or that any Defendant engaged in any deceptive actions that resulted in her not filing a lawsuit. Giving Plaintiff's complaint the most liberal construction possible, she was assaulted almost seven years ago, reported it to authorities, and believed some type of criminal charges would be brought. No charges were filed, and she is now seeking to pursue civil action. A letter attached to Plaintiff's complaint (docket entry #1, page #5) demonstrates that she was aware as early as October of 2010 that no charges were filed, and that she was able to contact the prosecuting attorney, yet she still took no action to file a civil lawsuit. Although Plaintiff's allegations are serious, the nature of her claims alone does not preclude application of the statute of limitations. *See Barre v.*

*Hoffman*, 2009 Ark. 373 (Ark. 2009) (claims of sexual abuse were barred by statute of limitations). Under the circumstances, Plaintiff has failed to meet her burden to prove the statute of limitations was tolled, and her complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Paragould's motion to dismiss, and motion for judgment on the pleadings (docket entries #11 & #12) be GRANTED.

2. William Shaw's motion to dismiss (docket entry #14) be GRANTED.

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this   11   day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE